IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KARIN SCISSEL, as guardian of**                                  **PLAINTIFF**
**KAITLYN SAENZ, a minor**

v.                  **CASE NO: 2:23-CV-00153-BSM**

**JESSICA COLEBANK, et al.**                                         **DEFENDANTS**

## ORDER

The motion of Lincoln County and Sheriff Leonard Hogg to dismiss [Doc. No. 11] Kaitlyn Saenz's 42 U.S.C. section 1983 and Arkansas Civil Rights Act ("ACRA") claims against Sheriff Leonard Hogg in his individual and official capacities and against Lincoln County is granted. The motion to dismiss Saenz's common law tort claims is denied.

## I. BACKGROUND

Kaitlyn Saenz, by her guardian Karin Scissel, is suing Hogg, Lincoln County, one of its jailers, one of its deputies, Star City, and several of its police officers for violating the U.S. and Arkansas constitutions and for common law battery for injuries she received when she was beaten and violently restrained in the Lincoln County jail. Hogg and Lincoln County are moving to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed

factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).

## III.  DISCUSSION

### A.  Sheriff Hogg

Saenz's individual capacity claims against Hogg are dismissed because she has failed to allege that Hogg "(1) received notice of a pattern of unconstitutional acts committed by [his] subordinate[s], and (2) was deliberately indifferent to or authorized those acts." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). She is required to make these allegations because she is suing Hogg for failing to train or supervise the jail employees and for permitting the excessive force used against her, and she does not allege that Hogg directly participated in the violations against her. The analysis is the same for her 42 U.S.C. section 1983 and ACRA claims. *See Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (citing cases); Ark. Code Ann. § 16-123-105(c). Any claims against Hogg in his official capacity are treated as claims against the county and addressed in the next section. *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016).

### B.  Lincoln County

#### *1. Constitutional Claims*

Saenz's constitutional claims against Lincoln County for battery are dismissed because "local government[s] may not be sued under § 1983 . . . on a theory of respondeat

superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996); *see also City of Little Rock v. Nelson ex rel. Nelson*, 592 S.W.3d 633, 641 (Ark. 2020) ("The doctrine of *respondeat superior* is not a basis for liability under the Arkansas Civil Rights Act.").

Saenz's other constitutional claims against Lincoln County are dismissed because they are inadequately pleaded. Her section 1983 and ACRA excessive force claims based on the county's "promulgat[ing] rules that permit its employees to violate the constitutional rights of [its] citizens/residents," Compl. 7, Doc. No. 1, are dismissed because she has identified no county policy or custom "that was a 'moving force [behind] the constitutional violation.'" *Atkinson v. City of Mt. View, Mo.*, 709 F.3d 1201, 1216 (8th Cir. 2013) (quoting *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). Saenz's failure to train or supervise claim against the county, Compl. 7, 10, is dismissed because she has not alleged that the county had "notice of a pattern of unconstitutional acts committed by [its employees]" prior to the acts at issue or any specific deficiencies in the county's training or supervision. *Mick v. Raines*, 883 F.3d 1075, 1078 (8th Cir. 2018). Saenz has fourteen days to amend her complaint to address these deficiencies.

## 2.  Tort Claim

The motion to dismiss Saenz's common law battery claim is denied because her claim is sufficiently pled and counties are not immune from liability for their employees' batteries. *See, e.g., Daniels v. Lutz*, 407 F. Supp. 2d 1038, 1049–50 (E.D. Ark. 2005).

## IV.  CONCLUSION

For these reasons, Saenz's 42 U.S.C. section 1983 and ACRA claims against Hogg in his individual capacity are dismissed with prejudice. Her 42 U.S.C. section 1983 and ACRA claims against Hogg in his official capacity and Lincoln County on a respondeat superior theory are also dismissed with prejudice. Her remaining constitutional claims against Lincoln County are dismissed without prejudice; however, she has fourteen days to amend her complaint. Finally, the motion to dismiss the common law tort claims is denied.

IT IS SO ORDERED this 15th day of December, 2023.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE